

For a thriving New England

CLF Massachusetts   62 Summer Street
Boston MA 02110
P: 617.350.0990
F: 617.350.4030
www.clf.org

December 18, 2020

**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

John R. DuFour, Manager/President
All-Star Transportation, LLC
146 Huntingdon Avenue
Waterbury, CT 06708

Cogency Global Inc.
Agent for All-Star Transportation, LLC
29 West High Street
East Hampton, CT 06424

Patrick Vaughn
Chief Executive Officer, Student Transportation of America, LLC
Member, All-Star Transportation, LLC
3349 Highway 138
Building A, Suite C
Wall, NJ 07719

Secretary of the State of Connecticut
Agent for Student Transportation of America, LLC
30 Trinity Street
Hartford, CT 06106

**RE: Notice of Violations and Intent to File Suit Under the Clean Air Act**

Dear Messrs. DuFour and Vaughn:

    Conservation Law Foundation, Inc. ("CLF")[1] hereby gives notice to All-Star Transportation, LLC. and its agents and directors (collectively, "All-Star") and to Student Transportation of America, LLC and its agents and directors (collectively, "STA") of its intent to

---

[1] CLF is a not-for-profit 501(c)(3) organization dedicated to the conservation and protection of New England's environment. Its mission includes safeguarding the health and quality of life of New England communities facing the adverse effects of air pollution. CLF's membership includes individuals who live near the lots at which vehicles owned and/or operated by All-Star and/or STA were idling in excess of three minutes. CLF's members, their health, and their well-being are harmed by All-Star and STA's violations of the CAA.



file suit pursuant to Section 304(a) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a). CLF has evidence that All-Star and STA have repeatedly violated, are violating, and will continue to violate the CAA and the Connecticut State Implementation Plan ("SIP"), specifically by violating the motor vehicle idling limits contained in the federally enforceable Connecticut SIP. This letter constitutes notice pursuant to 40 C.F.R., Part 54 (the "Notice") to All-Star and STA of CLF's intention to file suit in the United States District Court for the District of Connecticut seeking appropriate civil penalties, equitable relief, and CLF's reasonable litigation costs, including attorney fees and expert witness fees and costs, no earlier than 60 days from the postmark of this Notice.

**REGULATORY BACKGROUND**

The State of Connecticut has adopted a SIP within the meaning of Section 113(a)(1) of the Act, 42 U.S.C. § 7413(a)(1), which has been approved by the Environmental Protection Agency under Section 110 of the Act, 42 U.S.C. § 7410. 40 C.F.R § 52.370; 79 FR 41,427; *see also* 40 C.F.R. § 52.385. The Connecticut SIP includes the regulation at Regs., Conn. State Agencies § 22a-174-18(b)(3)(C) (the "Connecticut idling regulation"), which provides that "no person shall cause or allow: . . . [a] mobile source to operate for more than three (3) consecutive minutes when such mobile source is not in motion" unless such operation is in accordance with a listed exception. The violations by All-Star and STA do not fall within any of the listed exceptions.

**RESPONSIBLE ENTITY**

All-Star is a transportation company headquartered in Waterbury, Connecticut that owns and/or operates school buses. The company operates a fleet of between 750 and 950 vehicles and employs approximately 1,000 personnel. All-Star provides transportation services to approximately 35 towns and cities in Connecticut. The vehicles owned and/or operated by All-Star are housed at several locations across the State of Connecticut. All-Star is a subsidiary of STA.

STA is a national school transportation company headquartered in Wall, New Jersey. STA is the parent company of All-Star. STA operates more than 16,000 vehicles and serves more than 325 school districts.

**VIOLATIONS OF FEDERAL LAW**

Based on CLF's observations of activity by All-Star vehicles, including school buses, between October 16, 2019 and November 24, 2020 at locations across Connecticut, including All-Star's lots in New Milford, Brookfield, and Seymour, CLF has a good-faith belief that All-Star and STA have, on numerous occasions, caused or allowed the idling of motor vehicles in excess of the three-minute time period allowed by Regs., Conn. State Agencies § 22a-174-18(b)(3)(C)



and not in accordance with any exceptions listed in Regs., Conn. State Agencies § 22a-174-18(b)(3)(C)(i) through (vii) or at § 22a-174-18(j). All-Star and STA have violated, are violating, and will continue to violate the Connecticut idling regulation found at Regs., Conn. State Agencies § 22a-174-18(b)(3)(C).

**FACTUAL BASIS OF HARM**

Idling releases harmful exhaust filled with fine particulate matter and toxic emissions including benzene, sulfur dioxide, and nitrogen oxides. The inhalation of exhaust can cause lung damage, aggravate conditions like asthma and bronchitis, and has been linked to increased incidence of heart disease, multiple kinds of cancer, and premature death.[2] Exposure to polluted air, particularly to the pollutants in vehicle exhaust, is associated with impaired cognitive functions at all ages and increased risk of dementia in later life.[3] Children are particularly susceptible to the harms of inhaling exhaust, as they breathe 50% more air per pound of body weight than adults.[4]

Prolonged exposure to exhaust fumes can also cause asthma, while exposure before birth can create a propensity for asthma in infants.[5] Idling is therefore a particularly serious problem in Connecticut, since asthma rates in Connecticut are significantly higher than national averages: 10.3% of adults and 9.7% of children in Connecticut currently suffer from asthma[6] compared to 7.6% of adults and 7.5% of children nationwide.[7] Furthermore, rates of asthma are particularly

---

[2] State and Territorial Air Pollution Program Administrators and the Association of Local Air Pollution Control Officials, "Cancer Risk from Diesel Particulate: National and Metropolitan Area Estimates for the United States," March 15, 2000 (finding that diesel exhaust is responsible for 125,000 additional cancer cases in the U.S. each year).

[3] Jason Kilian and Masashi Kitazawa, *The Emerging Risk of Exposure to Air Pollution on Cognitive Decline and Alzheimer's Disease – Evidence from Epidemiological and Animal Studies*, 41 Biomedical Journal 141 (2018).

[4] *What You Should Know About Diesel Exhaust and School Bus Idling,* U.S. ENVIRONMENTAL PROTECTION AGENCY (last visited Dec. 16, 2020), https://nepis.epa.gov/Exe/ZyPDF.cgi/P100304H.PDF?Dockey=P100304H.PDF.

[5] National Resource Defense Counsel, "New Medical Study Says Diesel Exhaust May Cause Asthma, Not Just Aggravate It," February 13, 2002, https://www.nrdc.org/media/2002/020213-1.

[6] *Asthma Statistics*, CONN. STATE DEP'T OF PUB. HEALTH (last visited Dec. 16, 2019), https://portal.ct.gov/DPH/Health-Education-Management--Surveillance/Asthma/Asthma-Statistics (adult current prevalence for 2018 and child current prevalence for 2018).

[7] *Asthma*, NAT'L CTR. FOR HEALTH STATISTICS, CTR. FOR DISEASE CONTROL AND PREVENTION (last visited Dec. 16, 2020), https://www.cdc.gov/nchs/fastats/asthma.htm.



high among children in low-income households: in Connecticut in 2018, over 15% of children in households earning less than $25,000 per year had asthma.[8]

Furthermore, in addition to the cardiovascular and respiratory diseases mentioned above, studies have shown that even a small increase in long-term exposure to fine particulates can increase the severity of COVID-19 health outcomes.[9]

Exhaust from idling vehicles is particularly harmful because the fumes accumulate to create hotspots of dangerously contaminated air. Tailpipe emissions from vehicles owned and/or operated by All-Star and/or STA were released and continue to be released in close proximity to homes, schools, and parks where children live, learn, and play.

**RELIEF REQUESTED**

All-Star and STA are liable for the above-described violations of the Connecticut anti-idling regulation, Regs., Conn. State Agencies § 22a-174-18(b)(3)(C) and the CAA, as well as for violations occurring prior to the date of this letter and violations that continue afterwards. As violations of a federally enforceable SIP under Section 113(b) of the Act, 42 U.S.C. § 7413(b), violations by All-Star and STA of the Connecticut anti-idling regulation may incur the maximum civil monetary penalties owed for violations of the CAA. CLF will seek penalties of up to $101,439 per day for each CAA violation occurring after November 2, 2015. 42 U.S.C. § 7413(b); 40 C.F.R. §§ 19.2, 19.4.

In addition to civil penalties, CLF will seek declaratory relief and injunctive relief to prevent further violations of the Connecticut SIP and the CAA, and such other relief as permitted by law. CLF will seek an order from the Court requiring All-Star and STA to remediate all identified violations through direct implementation of control measures and demonstration of regulatory compliance.

Lastly, pursuant to Section 304(d) of the Act, 42 U.S.C. § 7604(d), CLF will seek recovery of costs and fees associated with this matter.

**CONCLUSION**

Idling engines emit pollutants that can cause or aggravate a variety of health problems, including asthma and other respiratory diseases. Drivers, passengers, and bystanders are all

---

[8] *Asthma Statistics*, CONN. STATE DEP'T OF PUB. HEALTH (last visited Dec. 16, 2020), https://portal.ct.gov/ DPH/Health-Education-Management--Surveillance/Asthma/Asthma-Statistics (child current prevalence for 2018).
[9] X. Wu *et al.*, *Air Pollution and COVID-19 Mortality in the United States: Strengths and Limitations of an Ecological Regression Analysis*, 6 Science Advances eabd4049 (2020).

4



vulnerable to these effects. It is important that All-Star and STA take immediate steps to ensure that the vehicles that they own and/or operate comply with the anti-idling regulation.

During the 60-day notice period, CLF is willing to discuss effective remedies for the violations noted in this letter that may avoid the necessity of further litigation. If you wish to pursue such discussions, please have your attorney contact Heather A. Govern (hgovern@clf.org, (617) 850-1765) in the next 21 days so that negotiations may be completed before the end of the 60-day notice period.

Sincerely,

Heather A. Govern, Esq.
Director, Clean Air and Water Program
Conservation Law Foundation, Inc.
62 Summer Street
Boston, MA 02210
hgovern@clf.org
(617)-850-1765

Kenta Tsuda
Staff Attorney
Conservation Law Foundation, Inc.
62 Summer Street
Boston, MA 02210
ktsuda@clf.org
(617) 850-1712

5



Enclosure

CC:

Andrew Wheeler, Administrator
Environmental Protection Agency
Office of the Administrator, 1101A
1200 Pennsylvania Ave., NW
Washington, D.C. 20460

Dennis Deziel, Administrator
Environmental Protection Agency, Region 1
5 Post Office Square, Suite 100
Boston, MA 02109-3912

Katie S. Dykes, Commissioner
Connecticut Department of Energy and Environmental Protection
79 Elm Street
Hartford, CT 06106-5127

Citizen Suit Coordinator
Environmental & Natural Resources Division
Law and Policy Section
P.O. Box 7415
Ben Franklin Station
Washington, D.C. 20044-07415