**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| CONSERVATION LAW FOUNDATION, INC., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | Case No. 3:21-cv-00201-JBA |
| ALL-STAR TRANSPORTATION, LLC, and | : | |
| STUDENT TRANSPORTATION OF | : | |
| AMERICA, LLC. | : | |
| | : | |
| Defendants. | : | |
| | : | |

## JOINT 26(F) REPORT OF THE PARTIES' PLANNING MEETING

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), and District of Connecticut

Local Civil Rule 16, on April 26, 2022 the following participated in a Parties' Planning Meeting:

On behalf of Plaintiff Conservation Law Foundation ("CLF"):

- Shannon I. Laun, Esq., CLF
- Heather A. Govern, Esq., CLF
- Juanita Gibson, CLF

On behalf of Defendants All-Star Transportation, LLC ("All-Star") and Student

Transportation of America, LLC ("STA LLC"):

- Jonathan R. Shulan, Esq., Armstrong Teasdale LLP
- Bianca A. Valcarce, Esq., Armstrong Teasdale LLP
- Melicent B. Thompson, Esq., Gfeller Laurie LLP

## I.    CERTIFICATION.

Undersigned counsel (after consultation with their respective clients) certify that:

1. They discussed the nature and basis of the parties' claims and defenses, and any

    possibilities for achieving a prompt settlement or other resolution of the case; and

2. They have developed the following proposed case management plan.

Counsel further certify that they have forwarded a copy of this report to their respective clients.

II.     **JURISDICTION.**

A.     **Subject Matter Jurisdiction:**

All parties agree that the plaintiff's claims, brought pursuant to the Federal Clean Air Act 42 U.S.C. §§ 7401 et seq. ("CAA"), properly confer federal question jurisdiction.  However, the defendants maintain that the plaintiff lacks standing to bring those claims, depriving the Court of subject matter jurisdiction.  As set forth in their motion for pre-filing conference, ECF No. 35, the defendants intend to file a motion to dismiss pursuant to Rule 12(b)(1).  At the pre-filing conference held on October 21, 2021, the defendants requested the Court's permission to conduct limited and targeted jurisdictional discovery in furtherance of their factual attack on the Court's subject matter jurisdiction.  The plaintiff consents to the requested jurisdictional discovery and requests the Court's permission to conduct its own comparable limited and targeted jurisdictional discovery to which defendants consent.

B.     **Personal Jurisdiction:**

All parties agree that the Court has personal jurisdiction over All-Star.  However, the defendants do not agree that the Court may exercise personal jurisdiction over STA LLC.  As set forth in the defendants' motion for pre-filing conference, ECF No. 35, STA LLC is a defunct entity that did not exist during the timeframe of the plaintiff's allegations and which lacks sufficient minimum contacts with Connecticut such that it may be subject to the Court's jurisdiction.  To the extent the plaintiff intended to sue All-Star's parent company, the defendants contend that the parent similarly lacks sufficient minimum contacts with Connecticut such that it may be subject to the Court's jurisdiction.  Accordingly, STA LLC intends to file a motion to dismiss pursuant to Rule 12(b)(2).  The plaintiff requests the Court's permission  to conduct limited and targeted jurisdictional discovery to gather facts in opposition to that motion, and the defendants consent to that discovery.

III.   **BRIEF DESCRIPTION OF THE CASE.**

    A.    **Claims of Plaintiff:**

The plaintiff alleges that the defendants violated the Clean Air Act by idling its school buses for more than 3 minutes on at least 83 occasions in 2019, 2020, and 2021.  The plaintiff seeks the imposition of civil penalties and requests injunctive relief in the form of an Order directing the defendants to comply with Connecticut idling laws and the Clean Air Act.

    B.    **Defenses and Claims of Defendants:**

The defendants dispute the plaintiff's allegations and, in addition to their jurisdictional defenses discussed above, maintain that any excess idling fell within the recognized exceptions to Connecticut's Anti-Idling Law, Regs. Conn. State Agencies § 22a-174-18(b)(3)(C)(i–vii), and therefore did not violate the Clean Air Act.

IV.   **STATEMENT OF UNDISPUTED FACTS.**

Undersigned counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1. CLF is a Boston-based, member-supported nonprofit environmental organization serving the New England area.

2. All-Star is a limited liability corporation organized under the laws of the State of Connecticut, and owns and operates school buses throughout Connecticut.

3. STA LLC withdrew its registration with the Connecticut Secretary of State on September 30, 2016.

4. On December 18, 2020, CLF sent a 60-day *Notice of Violation and Intent to File Suit* letter to All-Star and STA LLC, alleging that on numerous occasions All-Star violated the Clean Air Act due to excessive idling of buses at four All-Star bus lots.

## V.   **CASE MANAGEMENT PLAN.**

### A.   **Initial Disclosures:**

Initial Disclosures will be served by May 31, 2022.

### B.   **Scheduling Conference:**

The parties prefer that a scheduling conference, if held, be conducted by telephone or videoconference technology.

### C.   **Early Settlement Conference:**

1.   The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.  The parties participated in mediation sessions before Magistrate Judge Robert A. Richardson on February 8, 2022, and again on March 21, 2022.  The parties were unable to reach a settlement and believe that settlement is unlikely at this time.

2.   The parties do not at this time request further early settlement conferences.

3.   Should the parties in the future again seek the assistance of the Court in facilitating a settlement conference, the parties would prefer such conference to be held with Magistrate Judge Robert A. Richardson given his familiarity with the case and the parties' positions.

4.   The parties do not at this time request a referral for alternative dispute resolution pursuant to District of Connecticut Local Civil Rule 16.

### D.   **Joinder, Amendment of Pleadings, and Motions Addressed to the Pleadings:**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings:

   i.   The plaintiff abides by its representation to the Court during the Pre-Filing Conference held on October 21, 2022 that it will not seek to amend the Complaint.

ii.   The defendants will not seek to join any additional parties and, if the aforementioned Rule 12 motions are not granted in their entirety, will file an Answer in accordance with the schedule set forth below in Subpart E: Discovery.

**E.    Discovery:**

a.    Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Rule 26(b)(1).  At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

In light of the defendants' anticipated jurisdictional motions, as set forth above, the parties agree to the following schedule for limited, targeted jurisdictional discovery:

i.   Jurisdictional discovery shall commence on May 24, 2022 (or two weeks from the date of submission of the foregoing Joint Rule 26(f) Report), unless the Court directs otherwise;

ii.   Jurisdictional discovery shall close on August 22, 2022 (or 90 days from the date that jurisdictional discovery commences);

iii.   The defendant may file the aforementioned Rule 12 motions on or before September 21, 2022 (or 30 days from the close of jurisdictional discovery);

iv.   The plaintiff shall have 30 days from the date of filing to respond to the defendants' Rule 12 motions;

v.   The defendants shall have 15 days from the date of filing of the plaintiff's oppositions to reply in support of their Rule 12 motions;

vi.   The parties do not agree as to the potential necessity of a surreply and therefore defer to the Court, in accordance with its stated pre-trial preferences, as to the

plaintiff's leave to file such surreply;

vii. If any claims remain pending after the Court rules on the defendants' Rule 12 motions, the defendants shall have 14 days from the date of the Court's ruling to file their Answer(s);

viii. Merits discovery shall commence on the date of filing of the defendants' Answer(s);

ix. Within 14 days of the filing of the defendants' Answer(s), the parties shall convene a second Parties' Planning Meeting in accordance with Local Civil Rule 26(f) at which conference the parties shall determine their responses to the remainder of the Rule 26(f) Report form.  The parties shall thereafter file a Second Joint Rule 26(f) Report setting forth a proposed schedule for the remainder of the litigation.

b.    The parties are unable to anticipate at this time the precise subjects on which merits discovery will be needed, as the contours of such discovery will be shaped by the outcome of the above-outlined jurisdictional discovery and motion practice.  Accordingly, as set forth above in Subsection E(a), the parties shall conduct a second Rule 26(f) Parties' Planning Meeting after such motion practice is concluded, if necessary, and shall submit thereafter a Second Joint Rule 26(f) Report providing this information.

c.    All discovery, including depositions of expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4), will be commenced by the date set forth in the parties' Second Joint Rule 26(f) Report, as outlined above.

d.    The parties are unable to determine at this time whether merits discovery in this matter should be conducted in phases.  As provided for above, the parties shall provide an

updated response to the Court in their Second Joint Rule 26(f) Report after the conclusion of jurisdictional discovery and related motion practice.

   e.     The parties are unable to determine at this time the anticipated number of depositions of fact witnesses or an appropriate schedule for the taking of such depositions. As provided for above, the parties shall provide an updated response to the Court in their Second Joint Rule 26(f) Report after the conclusion of jurisdictional discovery and related motion practice.

   f.     The parties do not at this time anticipate requesting the Court's permission to serve more than 25 interrogatories.

   g.     The parties anticipate that they will call expert witnesses at trial.

   h.     The parties are unable to determine at this time an appropriate schedule for the designation of trial experts, submission of expert reports, or the taking of expert depositions. As provided for above, the parties shall provide an updated response to the Court in their Second Joint Rule 26(f) Report after the conclusion of Jurisdictional Discovery and related motion practice.

   i.     The parties are unable to determine at this time an appropriate schedule for the submission of damages analyses.  As provided for above, the parties shall provide an updated response to the Court in their Second Joint Rule 26(f) Report after the conclusion of jurisdictional discovery and related motion practice.

   j.     Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored

information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information ("ESI"), and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation disclosure and management of ESI:

i.  The parties shall preserve relevant and responsive ESI and continue routine computer operations critical to ongoing activities, including the automatic creation and deletion or overwriting of certain non-relevant, non-responsive information;

ii.  The parties shall produce ESI that is relevant, responsive, not privileged, and reasonably accessible, as defined by Federal Rule of Civil Procedure 26(b)(2)(B), subject to the limitations set forth in Federal Rule of Civil Procedure 26(b)(2)(C) that apply to all discovery;

iii.  ESI responsive to discovery requests will be produced in either hard copy or in text-searchable PDF format, except for spreadsheets which are to be produced in native file format;

iv.  Any emails to be produced will be produced with the attachments thereto, unless such attachment has been previously produced and is readily identifiable;

v.  Parties will preserve, but not disclose, metadata concerning any ESI responsive to discovery requests and that metadata will be produced to the requesting party only upon entry of a court order upon good cause shown.

k.  Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or

other non-electronic forms.   The parties agree to the following procedures for the preservation, disclosure and management of such information:

i.     The parties shall preserve relevant non-electronically stored records.

ii.    The parties shall take steps to prevent the destruction of potentially relevant non-electronically stored information.

iii.   Unless otherwise agreed to by the parties, all relevant non-electronically stored documents produced in accordance with a discovery request shall be provided in in either hard copy or in text-searchable PDF format.

l.     Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

i.     The producing party has the burden of retrieving and reviewing relevant, reasonably accessible and responsive ESI for privilege prior to production;

ii.    Claims of privilege with regard to ESI shall be asserted in accordance with Federal Rule of Civil Procedure 26(b)(5) on a log pursuant to District of Connecticut Local Civil Rule 26(e).

iii.   With respect to withholding information on the basis of privilege or work-product protection, the parties will comply with Federal Rule of Civil Procedure 26, except that a privilege log need not be produced for the following documents: (a) counsel's notes; and (b) attorney-client communications (including emails) that occurred after the plaintiff retained counsel in connection with the matters alleged in the complaint.

iv.   If the parties dispute a claim of privilege, then within thirty (30) days of being informed in writing (or via email) that a dispute still exists (after good faith efforts to resolve that dispute have been reasonably exhausted), the party claiming privilege will file a motion under seal for in camera review.

v.   Undersigned counsel have agreed that, in accordance with Federal Rule of Civil Procedure 26, inadvertent production of privileged material will not be deemed to waive the privilege. The party claiming inadvertent disclosure of privileged documents or attorney work-product shall notify opposing counsel of the inadvertent disclosure with specific identification of the document(s) at issue and the basis for such claim of privilege or protection within thirty (30) days of learning of such disclosure. If a document appears on its face to be subject to attorney-client privilege or to constitute attorney work-product and/or the parties agree as to the privilege or protection, the document and all copies (electronic and paper) shall be returned to the requesting counsel or otherwise agree and certify as to its destruction, and  such shall not be used or referred to in any manner in litigation. If counsel cannot agree as to the privilege status or work-product status of the document, the document at issue shall be segregated from all other materials and submitted to the U.S. Magistrate Judge for *in camera* inspection and determination.

vi.   The parties reserve the right to demand the production of a privilege log in the event that either party demands the return of inadvertently produced privileged materials and the parties reserve their rights to challenge the assertion of any privileges with respect to any documents or information identified in such a privilege log.

**F.      Other Scheduling Issues**

The parties do not have additional scheduling issues to raise with the Court at this time, but shall if necessary, and as outlined above, provide an updated response to the Court in their Second Joint Rule 26(f) Report after the conclusion of jurisdictional discovery and related motion practice.

**G.      Summary Judgement Motions**

The parties are unable to determine at this time an appropriate schedule for the filing of summary judgment motions.  As provided for above, the parties shall provide an updated response to the Court in their Second Joint Rule 26(f) Report after the conclusion of jurisdictional discovery and related motion practice.

**H.      Joint Trial Memorandum:**

The parties are unable to determine at this time an appropriate schedule for the filing of a joint trial memorandum.  As provided for above, the parties shall provide an updated response to the Court in their Second Joint Rule 26(f) Report after the conclusion of jurisdictional discovery and related motion practice.

**II.      <u>TRIAL READINESS.</u>**

The parties are unable at this time to anticipate a trial-ready date, which will be dependent upon the development of the record through the above-outlined schedule.  As provided for above, the parties shall provide an updated response to the Court in their Second Joint Rule 26(f) Report after the conclusion of jurisdictional discovery and related motion practice.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated:  May 9, 2022

**CONSERVATION LAW FOUNDATION LLC**

*/s/ Shannon Laun*
Shannon I. Laun, Esq. (ct31138)
Heather A. Govern, Esq., *pro hac vice*
62 Summer Street
Boston, MA 02110
(617) 850-1712
slaun@clf.org
hgovern@clf.org

*Attorneys for Plaintiff*
*Conservation Law Foundation*

**ALL-STAR TRANSPORTATION,**
***and* STUDENT TRANSPORTATION**
**OF AMERICA, LLC**

GFELLER LAURIE LLP

*/s/ Melicent B. Thompson*
Melicent B. Thompson, Esq. (ct19868)
Maggie Wroe Rainaud, Esq. (ct30836)
977 Farmington Ave., Suite 200
West Hartford, CT 06107
Tel. (860) 760-8400
Fax. (860) 760-8401
mthompson@gllawgroup.com
mrainaud@gllawgroup.com

ARMSTRONG TEASDALE LLP

Jonathan R. Shulan, Esq., *pro hac vice*
7700 Forsyth Boulevard, Suite 1800
Saint Louis, MO 63105
Tel. (314) 621-5070
Fax. (314) 612-232
jshulan@atllp.com

Timothy J. Bergère, Esq., *pro hac vice*
Bianca A. Valcarce, Esq., *pro hac vice*
2005 Market Street, 29th Floor
One Commerce Square,
Philadelphia, PA 19103
Tel. (267) 780-2000
Fax. (215) 780-9070
tbergere@atllp.com
bvalcarce@atllp.com

*Attorneys for Defendants All-Star*
*Transportation, LLC, and Student*
*Transportation of America, LLC*