UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Conservation Law Foundation, Inc., <br><br> Plaintiff, <br><br> v. <br><br> All-Star Transportation, LLC, *et al.*, <br><br> Defendants. | Civil No. 3:21-cv-00201 (JBA) <br><br><br> November 4, 2022 |

**RULING ON PLAINTIFF'S MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT [ECF No. 53]**

**I.    INTRODUCTION**

This is a citizen enforcement suit brought under the Clean Air Act. (Compl., ECF No. 1, ¶ 1.) The plaintiff, Conservation Law Foundation, Inc. ("CLF"), is a non-profit, member-supported organization dedicated to protecting New England's environment. (*Id.* ¶ 25.) The first-named defendant, All-Star Transportation, LLC ("All-Star"), is a company that operates school buses. (*Id.* ¶¶ 34-38.) CLF alleges that All-Star violated the Clean Air Act and associated Connecticut state regulations by idling its buses for too long. (*Id.* ¶¶ 140-41.)

CLF also sued All-Star's erstwhile affiliate, Student Transportation of America, LLC ("STA LLC"). In 2021, the defendants' counsel advised CLF that STA LLC has been defunct since 2016 and, therefore, is not a proper party. (Mot. For Pre-Filing Conf., ECF No. 35, at 1-2.) Judge Arterton asked CLF if it wished to amend its complaint to address this issue and others, but it said that it did not. (Tr. of Pre-Filing Conf., ECF No. 66-1, at 7:12-17.) The Judge went on to warn that, "having been offered the opportunity to amend and knowing what the claims are to be raised, in all likelihood [CLF is] not going to be given an opportunity to amend later having had

the opportunity to amend now." (*Id.* at 7:18-22.) Still, CLF "abide[d] by its representation . . . that it [would] not seek to amend the Complaint." (Rule 26(f) Rpt., ECF No. 51, at 4.)

Nearly a year after its colloquy with Judge Arterton, CLF moved for leave to amend its complaint to drop the defunct STA LLC entity and add a different All-Star affiliate, Student Transportation of America, Inc. ("STA Inc.") in its stead. (Mot. For Leave to File Am. Compl., ECF No. 53.) Despite having been warned long ago that STA LLC was the wrong party, CLF claims to have only recently learned that STA Inc. is the right one. (Pl.'s Memo. of L., ECF No. 53-1, at 3) ("Memo.").

The defendants do not oppose the dropping of STA LLC, and the motion will therefore be granted to that extent. But adding STA Inc. at this stage of the case requires a showing of diligence, and CLF has not made that showing. (*See* discussion, Section III *infra*.) The motion will therefore be denied to the extent that it seeks to add STA Inc. as a party. The Court's order is set forth in more detail in Section IV below.

**II.    BACKGROUND**

On December 18, 2020, CLF notified All-Star and STA LLC of its "intent to file suit pursuant to Section 304(a) of the Clean Air Act." (Ltr. from H. Govern to J. DuFour *et al.*, ECF No. 1-1, at 1-2.) Its notice letter ultimately reached the desk of David Frenzia, STA Inc.'s Senior Vice President for Human Resources and Legal Affairs. (Ex. D to Memo.) On February 17, 2021, Mr. Frenzia e-mailed CLF's counsel over an STA Inc. signature block, requesting additional time to review the letter. (*Id.*)

CLF filed this lawsuit on February 18, 2021. (Compl., ECF No. 1.) In its complaint, it alleged that All-Star and STA LLC "own, operate, and/or manage a fleet of vehicles that travel and are housed in and around the State of Connecticut." (*Id.* ¶ 2.) It also alleged that All-Star and

STA LLC "repeatedly violated, are violating, and continue to violate the Clean Air Act ('CAA' or 'Act') and the Connecticut State Implementation Plan ('SIP'), specifically, the Connecticut motor vehicle idling limits contained within the federally enforceable SIP." (*Id.* ¶ 3.) In particular, All-Star and STA LLC allegedly "caused and/or allowed the operation of mobile sources when such mobile sources were not in motion in excess of the three-minute time period allowed by Regs. Conn. State Agencies § 22a-174-18(b)(3)(C)" – in other words, they let their buses idle for too long. (*Id.* ¶ 4.)

After CLF filed its complaint, the parties engaged in months of settlement discussions. (*See, e.g.*, Joint Status Rpt., ECF No. 50) (stating that "[t]he parties met six times between March 2021 and September 2021"). The defendants' counsel represents that "[t]hroughout these conversations," he "made clear that STA LLC is a defunct entity with no operations." (Defs.' Memo., ECF No. 66, at 3) ("Opp'n"). For its part, CLF says that it "routinely requested information or documentation from Defendants to cure what All-Star claimed was a lack of personal jurisdiction over" STA LLC. (Memo. at 3.)

When the settlement discussions reached an impasse, the defendants requested a pre-filing conference, seeking leave to file a motion to dismiss. (Defs.' Mot. for Pre-Filing Conf., ECF No. 35; *see also* Pretrial Preferences of the Hon. Janet Bond Arterton, *available at* https://www.ctd.uscourts.gov/content/janet-bond-arterton ("Judge Arterton does not permit dispositive motions until there has been a pre-filing conference.").) The defendants explained that STA LLC "is a defunct entity that withdrew its registration with the Connecticut Secretary of [the] State on September 30, 2016." (Defs.' Mot. for Pre-Filing Conf., ECF No. 35, at 2.) Noting that "[t]he claims in this action arise out of alleged conduct that occurred, at the earliest, in October 2019," the defendants asserted that "Plaintiff cannot establish that STA LLC has sufficient contacts

3

with Connecticut for this Court to exercise personal jurisdiction over" it.  (*Id.*)  They therefore requested permission to file a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  (*Id.*)

In their motion, the defendants also argued that CLF "should be denied leave to replead its claims against All-Star's parent company, assuming that was Plaintiff's reason for joining STA LLC in the first instance."  (*Id.*)  They asserted that CLF could neither plead nor prove "facts that could support a theory on which any affiliate of All-Star may be held liable, either directly as an operator, or indirectly, through veil-piercing."  (*Id.*)  They added that "each of the bus terminals identified in the Complaint is wholly owned and operated by All-Star, and the buses garaged at the terminals and the employees that drive them are under All-Star's control.  Thus, All-Star is the lone entity that may be held liable for the claims alleged."  (*Id.* at 3.)  Finally, the defendants argued that "even if the Court were inclined to permit amendment, Plaintiff cannot comply with the Clean Air Act's 60-day notice requirement as to any other entity, and therefore such claims would be subject to immediate dismissal."  (*Id.*)

Judge Arterton held a pre-filing conference on October 21, 2021.  She began by asking whether CLF intended to pursue its claims against STA LLC, and its counsel confirmed that it did. (Tr. of Pre-Filing Conf., ECF No. 66-1, at 4:21-23) (hereinafter "Transcript").  The judge then explained the purpose of her pre-filing conference requirement:

> Now, the purpose of the prefiling conference is to give the nonmoving side the opportunity to hear what the moving party has in mind by way of motions and be given the opportunity to amend the complaint if they seek to do so in order to address those forthcoming claims.  The purpose of that is to conserve resources in the event that repleading or amended pleading can eliminate the issues.

(*Id.* at 7:1-9.)  She then asked CLF's counsel whether she would "take advantage of the opportunity to amend on behalf of the plaintiff."  (*Id.* at 7:12-13.)  Counsel responded that she did "not see the

need to amend." (*Id.* at 7:15-17.)  Judge Arterton then advised CLF of the consequences of this choice, and the reason for them:

> So after having been offered the opportunity to amend and knowing what the claims are to be raised, in all likelihood you are not going to be given an opportunity to amend later having had the opportunity to amend now.  What this process does is it gives the defendant a final complaint to target without getting into the unfortunately wasteful circumstances of a granted dismissal, a motion to replead and reopen and another motion to dismiss.  So this way, we end it, and if you're satisfied with your complaint, then the defendant can target that.

(*Id.* at 7:18 – 8:3.)

The parties then attempted settlement yet again, this time with the assistance of Judge Richardson.  (*See* ECF Nos. 40, 46, and 49; *see also* Joint Status Rpt., ECF No. 50, at 1.)  When those negotiations also proved unsuccessful, the parties filed their Rule 26(f) report on May 9, 2022.  (Rule 26(f) Rpt., ECF No. 51.)  In that report, the parties jointly recited that they had "discussed any perceived defects in the pleadings." (*Id.* at 4.)  CLF then stated that it "abide[d] by its representation to the Court during the Pre-Filing Conference held on October 21, 2022 that it will not seek to amend the Complaint." (*Id.*)  After reviewing the report, Judge Arterton entered a scheduling order that unsurprisingly did not include new deadlines for pleading amendments or joinder of parties, CLF having stated that no such deadlines were needed.  (Sched. Order, ECF No. 52.)  The order also adopted the parties' scheduling proposals respecting jurisdictional discovery and the briefing of the defendants' anticipated motion to dismiss.  (*Id.*)

CLF states that it was not until July 14, 2022, that "STA, LLC finally provided information . . . demonstrating that [it] was a defunct entity." (Memo. at 3.)  It also says that STA LLC's June 17, 2022 initial disclosures "reference[d] an employee of STA, Inc." (*Id.*)  It now seeks leave to amend its complaint "to account for this information that has recently come to light." (*Id.*)  In a footnote, it admits having told Judge Arterton that it "did not anticipate the need to amend the complaint." (*Id.* at n.2.)  But it argues that it "did not have information proving the defunct status

5

of STA, LLC., nor information regarding STA, Inc.'s status as the parent company of All-Star at the time of the conference." (*Id.*)

The defendants do not oppose the deletion of STA LLC from the complaint, but they object to the addition of STA Inc.[1] (Opp'n at 2.) They argue that CLF's motion is governed by Rule 16's "good cause" standard – which "turns on the diligence of the moving party" – and they contend that CLF cannot show diligence because it has "been aware of this jurisdictional deficiency for nearly a year-and-a-half before seeking amendment." (*Id.* at 7) (quoting *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)).  In the alternative, they argue that even if the liberal Rule 15 standard applies, CLF's motion invokes all the recognized exceptions to that liberality – undue delay, bad faith, dilatory motive, repeated failures to cure, prejudice, and futility. (*Id.* at 9-22.) CLF filed a reply ("Reply," ECF No. 67), and the Court heard oral argument on October 26, 2022. (ECF No. 76.) The motion is therefore ripe for decision. Other relevant facts will be set forth as necessary below.

**III.  DISCUSSION**

CLF invokes Rule 15 of the Federal Rules of Civil Procedure (Memo. at 2-5), which provides that courts "should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The policy behind this rule is that 'liberal amendment promotes judicial economy by making it possible to dispose of all contentions between parties in one lawsuit.'" *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174 (S.D.N.Y. 2014) (quoting *Bilt-Rite Steel Buck Corp. v. Duncan's Welding & Corr. Equip., Inc.*, No. 90-cv-311 (TCO), 1990 WL 129970, at *1 (E.D.N.Y. Aug. 24, 1990)). Consistent with this goal, leave to amend is

---

[1] CLF also seeks to amend the complaint "to fix certain typographical errors" in paragraph 140. (Memo. at 1; *see also* Proposed Am. Compl., ECF No. 53-2.) The defendants do not oppose these changes.

ordinarily "liberally granted," but it may be denied for "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice on the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The decision whether to grant or deny leave to amend under Rule 15(a)(2) is within the trial court's discretion. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-01 (2d Cir. 2007).

Because CLF proposes to add one defendant and drop another, it also invokes Rule 21. (Memo. at 5-7.) That rule provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "With respect to the interaction of Rules 15(a) and 21, it has been held that 'Rule 15(a) generally governs the amendment of complaints, but in the case of proposed amendments where new defendants are to be added, Rule 21 governs.'" *Meyers v. Kishimoto*, No. 3:14-cv-535 (CSH), 2015 WL 4041438, at *3 (D. Conn. July 1, 2015) (quoting *United States v. Hansel*, 999 F. Supp. 694, 697 (N.D.N.Y. 1998)). But this "perceived supremacy of Rule 21 is of no practical consequence, since it is generally held that the standards governing motions to amend under Rule 15 apply with equal force to motions to add parties under Rule 21." *Lego A/S v. Best-Lock Constr. Toys, Inc.*, 886 F. Supp. 2d 65, 71 (D. Conn. 2012). Indeed, in deciding motions to add or drop parties under Rule 21, courts have considered undue delay, bad faith, prejudice to the opposing party, and futility of amendment – just as they would under Rule 15. *E.g., Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 303-04 (E.D.N.Y. 2013). And as with Rule 15, "[t]he district court has broad discretion in ruling on a motion brought under Rule 21." *Glendora v. Malone*, 917 F. Supp. 224, 227 (S.D.N.Y. 1996) (citations omitted).

Yet when a party seeks to amend a pleading after its deadline for doing so has passed, Rule 16 also comes into play. That rule states that scheduling orders "must limit the time to join other parties" and "amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). Once it is set, a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In the District of Connecticut, "the 'good cause' standard requires 'a particularized showing that the schedule cannot reasonably be met, despite the diligence of the party seeking the modification, for reasons that were not reasonably foreseeable when the parties submitted their proposed case management plan.'" *Pal v. Cipolla*, No. 3:18-cv-00616 (MPS) (TOF), 2020 WL 564230, at *3 (D. Conn. Feb. 5, 2020) (quoting D. Conn. L. Civ. R. 16(b)); *see also This, LLC v. Jaccard Corp.*, No. 3:15-cv-01606 (JBA), 2016 WL 11582700, at *1 (D. Conn. Nov. 30, 2016). Put even more simply, under Rule 16, "a finding of 'good cause' depends on the diligence of the moving party." *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir. 2009).

The Second Circuit's view of the relationship between Rules 15 and 16 – and, by extension, Rules 21 and 16 – has evolved over time. In *Parker v. Columbia Pictures Industries*, the court held that once a scheduling order has entered, Rule 16 essentially trumps Rule 15. 204 F.3d 326, 340 (2d Cir. 2000) (agreeing with courts in other circuits that had held that "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings"). Three years later, however, the court held that after a scheduling order has been set, the good cause requirement of Rule 16(b) "must be balanced" against "the lenient standard" of Rule 15(a). *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). And three years after that, the court explained that Rule 16(b)'s diligence inquiry is "is not . . . the only consideration;" "[t]he district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular,

8

whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). *Kassner* underscored, however, that "the primary consideration is whether the moving party can demonstrate diligence." *Id.*; *see also Beyer v. Anchor Insulation Co. Inc.*, No. 3:13-cv-1576 (JBA), 2017 WL 875455, at * (D. Conn. Mar. 3, 2017).

CLF contends that the Rule 16(b) standard does not apply in this case, but the Court disagrees. CLF observes that the two recent scheduling orders – the order of May 26, 2022, at ECF No. 52, and the order of August 9, 2022, at ECF No. 59 – contain "no deadline for amending pleadings." (Reply at 2.) It therefore argues that Rule 16 has not been triggered, and that the Court should apply Rule 15's liberal standard instead. (*Id.*) CLF neglects to note, however, that more than a year before it entered the orders at ECF Nos. 52 and 59, the Court ordered the parties to file any "motions relating to joinder of parties or amendment of the pleadings" by April 19, 2021. (*See* Order on Pretrial Deadlines, Feb. 18, 2021, ECF No. 2.) It also neglects to note that the only reason the later scheduling orders did not include revised joinder and amendment deadlines is because it twice represented to the Court that it neither sought nor needed new deadlines. (*See* Transcript at 7:17 ("[W]e do not see the need to amend."); Rule 26(f) Rpt. at 4 ("The plaintiff abides by its representation to the Court during the Pre-Filing Conference held on October 21, 2022 that it will not seek to amend the Complaint.").) Rule 16 therefore applies, and because it does, the "primary consideration" presented by CLF's motion is whether it "can demonstrate diligence." *Kassner*, 496 F.3d at 244.

CLF has not been diligent here. As noted above, the defendants advised CLF no later than September 28, 2021, that STA LLC "is a defunct entity that has no connection with any of the allegations in the Complaint." (Defs.' Mot. For Pre-Filing Conf., ECF No. 35, at 1.) The

defendants also advised CLF that they would move to dismiss for lack of personal jurisdiction if CLF persisted in its claims against STA LLC, because the company "withdrew its registration with the Connecticut Secretary of [the] State on September 30, 2016." (*Id.* at 2.)  Also on September 28, 2021, the defendants put CLF on notice that they would oppose a motion for leave to amend to plead claims against All-Star's true parent company, because "All-Star is the lone entity that may be held liable for the claims alleged." (*Id.* at 2-3.)  In October 2021, Judge Arterton gave CLF an opportunity to amend, along with a warning that "in all likelihood" it would not "be given an opportunity to amend later having had the opportunity to amend now." (Transcript at 7:18-22.)  Thus, CLF knew no later than September of 2021 that it had sued the wrong party, and it knew in October 2021 that it must amend its complaint then or face the possibility that it would be barred from doing so.  Yet it did not move for leave to amend until over nine months later.

      CLF claims to have acted promptly, but here too, the Court disagrees.  CLF says that it did not learn about STA Inc. until June 2021, and that it did not obtain genuine proof of STA LLC's defunct status until July 2021.  (Memo. at 3; *see also* Reply at 4 ("CLF promptly filed its Motion for Leave only *fifteen days* after receiving discovery materials confirming that STA LLC is not All-Star's parent entity").)  But CLF knew about STA Inc. as far back as February 2021, when that company's vice president responded to its notice letter.  (Ex. D to Memo., ECF No. 53-5.)  And the proof of STA LLC's defunct status was its cancelation of its registration with the Connecticut Secretary of the State as a foreign limited liability company (Ex. C to Memo., ECF No. 53-4), a document that was publicly available on the Secretary's website even before CLF sued.  *See* Bus. Record Search, https://service.ct.gov/business/s/onlinebusinesssearch?language=en_US (last visited Nov. 3, 2022).

10

Consideration of prejudice and the other factors referenced in *Kassner* does not change the result.  "[P]rejudice arises when the amendment would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'"  *Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc.*, 283 F.R.D. 142, 152 (S.D.N.Y. 2012).  While the third factor is not implicated here, and while the expense and delay from allowing this amendment would not be as profound as in some other cases, the jurisdictional discovery process would have to start all over again as to STA Inc.  Thus, although the prejudice to the defendants may not extreme, it is not nil as CLF suggests.  In any event, the level of prejudice must be balanced against Rule 16's "good cause" requirement, *Grochowski*, 318 F.3d at 86, and the Court declines to hold that the former outweighs the latter here.  Considering the clarity of Judge Arterton's warnings, and the fact that CLF allowed over nine months to pass between the time it received those warnings and the time it moved for leave to amend, the lack of diligence predominates.  *Cf., e.g., McCabe v. ConAgra Foods, Inc.*, 681 F. App'x 82, 85-86 (2d Cir. 2017 (summary order) (affirming denial of request for leave to amend where District Judge had warned him of the defect in his complaint, and where he disclaimed any intention to seek further amendments, without discussing prejudice); *Karazin v. Wright Med. Tech., Inc.*, No. 3:17-cv-823 (JBA), 2018 WL 6067235, at *1-2 (rejecting plaintiff's lack-of-prejudice arguments when he failed to cure defects in his complaint after warning).

**IV.    CONCLUSION**

For the foregoing reasons, the motion of the plaintiff, Conservation Law Foundation, Inc., for leave to file an amended complaint is granted in part and denied in part.[2]  It is granted to the extent that it seeks to drop Student Transportation of America, LLC as a party and delete all references to that entity.  It is also granted to the extent that it seeks leave to fix the typographical errors reflected in paragraph 140 of the redline version of the proposed amended complaint.  It is denied to the extent that it seeks leave to add Student Transportation of America, Inc. as a party.  The plaintiff is directed to docket an amended complaint that conforms with this ruling by November 15, 2022.

So ordered this 4th day of November, 2022, at Hartford, Connecticut.

                                              */s/ Thomas O. Farrish*
                                              Hon. Thomas O. Farrish
                                              United States Magistrate Judge

---

[2]    I decide this motion rather than issue a report and recommendation because "the weight of authority within this Circuit classifies a motion to amend a pleading as [a] non-dispositive" matter that can be ruled upon by a Magistrate Judge.  *Rivers v. N.Y.C. Hous. Auth.*, No. 11-cv-5065 (KAM) (MDG), 2014 WL 12829494, at *3 (E.D.N.Y. Nov. 17, 2014).  "Although the Second Circuit has not yet ruled upon the issue," it "has stated in dictum and in an unpublished opinion that motions to amend are non-dispositive and require a 'clearly erroneous and contrary to law' standard of review."  *Id.* (citing *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) and *Kilcullen v. N.Y State Dep't of Transp.*, 55 Fed. App'x 583, 584 (2d Cir. 2003) (summary order)); *but see Gutierrez v. Miller*, No. 1:17-cv-09570 (PGG) (SDA), 2019 WL 13162439, at *17 n.20 (S.D.N.Y. Apr. 17, 2019) (issuing a report and recommendation "out of an abundance of caution" where a ruling would be "dispositive of the two additional claims that Petitioner seeks to assert" in the amended pleading).  In *Sokol Holdings, Inc. v. BMB Munai, Inc.*, for example, the District Judge treated the Magistrate Judge's denial of a motion for leave to amend as a non-dispositive decision because it was "based on a procedural violation – to wit, non-compliance with a scheduling order without a showing of 'good cause' – rather than a substantive determination of the merits of Plaintiffs' claims."  No. 05-cv-3749 (KMW) (DCF), 2009 WL 3467756, at *4 (S.D.N.Y. Dec. 8, 2014).  The same is true here.