UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | : <br> : |
| Plaintiff, | : <br> : |
| v. | :     Case No. 3:21-cv-00201-JBA |
| ALL-STAR TRANSPORTATION, LLC, | : <br> : |
| Defendant. | : <br> : |

## JOINT MOTION TO AMEND THE SCHEDULING ORDER

Pursuant to Local Rule 7(b), Plaintiff Conservation Law Foundation, Inc. ("CLF") and Defendant All-Star Transportation, LLC ("All-Star") (collectively, the "Parties") by and through counsel, respectfully submit this Joint Motion to Amend the Scheduling Order, ECF No. 92, which provides that:

1. Jurisdictional discovery will close on March 6, 2023.

2. Following a prefiling conference, dispositive motions are due on April 6, 2023.

3. Trial Ready Date is September 18, 2023.

As explained below, and in accordance with District of Connecticut Local Rule of Procedure 7(b)(3), compelling and unforeseen circumstances have necessitated the filing of this motion less than 3 business days prior to the close of jurisdictional discovery despite the diligent efforts of the Parties. The Parties respectfully request that the Court grant the requested extension.

**I.      Procedural History**

The Parties have been engaged in jurisdictional discovery over CLF's standing to bring this suit on behalf of its members since June 2022. From approximately late-July through mid-November 2022, the Parties engaged in motion practice, including a motion to compel, the resolution of which by the Court necessitated the postponement of the parties previously scheduled

depositions and therefore two extensions of jurisdictional discovery.

In denying CLF's motion to compel, the Court ordered the Parties to meet and confer in an effort to reach a resolution on a narrower set of discovery requests. ECF No. 80. The Parties engaged in this effort from approximately mid-November to the end of December 2022, at which time a resolution was reached, which included agreements to identify, collect, review, and produce additional documents and information, and which therefore necessitated additional time for completion.

From mid-December 2022 through late January 2023, Defendant made rolling productions of documents to CLF. In early February, the Parties met and conferred regarding discovery updates, and mutually agreed that, given recent developments in Defendant's document review efforts which likely meant that certain data could not be produced until close to the discovery deadline, the Parties would jointly seek to extend the jurisdictional discovery period to allow CLF time to review all of Defendant's productions and for both Parties to schedule and prepare for depositions. As of Friday, February 24, 2023, the Parties reaffirmed this agreement with the shared intention to file the anticipated motion no later than five business days before the close of jurisdictional discovery.

On Monday, February 27, 2023, Defendant produced an Excel spreadsheet obtained from a third-party vendor, supplemental discovery responses, and circulated a proposed joint motion to amend the scheduling order. Upon review, the next day, CLF expressed to Defendant concerns about the Excel spreadsheet and supplemental discovery responses. More specifically, CLF believes underlying electronically stored information ("ESI") was used to create the Excel spreadsheet, which CLF will need to verify the data in the Excel spreadsheet. Upon CLF's request for the underlying ESI, the Parties determined that CLF will conduct third-party discovery. The

Parties conferred daily throughout the week of February 27 to negotiate the final contents of this joint motion.

In an effort to resolve the issues and to avoid burdening the Court with a contested motion—which would presumably lead to further delay—the Parties used these additional days to meet and confer to devise a proposed scheduling order sufficient that will allow the Parties to fully complete jurisdictional discovery.

The Parties humbly recognize that these efforts nevertheless deliver this joint motion to the Court less than the 3 business days prior to close of discovery required by Local Rule 7(b)(3). However, in accordance with Local Rule 7(b)(3), the Parties believe that the aforementioned circumstances warranted the additional time to reach a mutually agreeable schedule, and therefore respectfully request that the Court grant their Joint Motion to Amend the Scheduling Order.

## II.     Previous Motions for an Extension of Time

The Parties have previously requested to extend the discovery deadline three times.

First, on August 8, 2022, the Parties filed a motion to extend the discovery deadline (then August 22, 2022) by 90 days, because of two then-outstanding motions that affected the scope of the limited jurisdictional discovery (CLF's Motion to Compel, ECF No. 63) and CLF's Motion for Leave to File an Amended Complaint (ECF No. 53). ECF No. 58.

Second, on November 4, 2022, the Parties filed a second motion to extend the discovery deadline (then November 20, 2022) by an additional 60 days, because the same discovery motions remained outstanding. ECF No. 77.

Third, on December 29, 2022, the Parties filed a third motion to extend the discovery deadline (then January 20, 2023) by an additional 45 days in light of recently agreed-to resolutions of various discovery disputes, the completion of which necessitated additional time.

The Court granted these motions. ECF Nos. 59, 81, 91.

**III.    Proposed Amendments**

The Parties respectfully request to amend the Scheduling Order, ECF No. 92, for good cause: the Parties cannot reasonably meet the current deadlines related to jurisdictional discovery despite the diligence of the Parties. The Parties' resolution to prior discovery disputes included an agreement among the Parties for various discovery materials. The Parties seek this extension in part to allow CLF adequate time to review those materials prior to the taking of depositions. Additionally, the Parties also determined over the last several days that there is a need for third-party discovery. Defendant has also affirmed that it will continue to meet and confer with CLF and work with its third-party data vendor in an effort to resolve CLF's concerns.

Thus, the Parties seek to amend the Court's scheduling order to provide for jurisdictional discovery to conclude in two phases: first to allow for a period of third-party discovery, and second to allow the scheduling and taking of depositions, including CLF members, and All-Star drivers, supervisors, and executives. The Parties jointly propose the following schedule:

1. Third-party jurisdictional discovery will close on April 20, 2023.

    a. This is a 45-day extension from the current jurisdictional discovery deadline of March 6, 2023.

2. Depositions related to jurisdictional discovery will then proceed through June 5, 2023.

    a. This provides an additional 46-day extension for depositions.

3. Following a prefiling conference, dispositive motions will be due on July 10, 2023.

    a. This proposal is in line with the Court's scheduling order that ordered the Parties to file dispositive motions approximately one month after the close of discovery.

4. Trial Ready Date is December 19, 2023.

    a. This proposal is in line with the Court's scheduling order that ordered the Parties to be trial ready approximately 162 days after dispositive motions are due.

## IV. Conclusion

The Parties respectfully request that the Court grant the Parties' Joint Motion to Amend the Scheduling Order, which is brought in good faith and not for purposes of undue delay.

Dated: March 6, 2023.

CONSERVATION LAW FOUNDATION, INC.

By its attorneys:

/s/ Heather A. Govern
Heather A. Govern (*pro hac vice*)
Shannon Laun (ct31138)
Ameya Gehi (ct31327)
Conservation Law Foundation
62 Summer St.
Boston, MA 02110
(617) 850-1765
hgovern@clf.org
slaun@clf.org
agehi@clf.org

Respectfully submitted,

ALL-STAR TRANSPORTATION, LLC.

By its attorneys:

/s/ Jonathan R. Shulan

GFELLER LAURIE LLP
Melicent B. Thompson, Esq. (ct19868)
977 Farmington Ave., Suite 200
West Hartford, CT 06107
Tel. (860) 760-8400
Fax. (860) 760-8401
mthompson@gllawgroup.com

ARMSTRONG TEASDALE LLP
Jonathan R. Shulan, Esq., *pro hac vice*
7700 Forsyth Boulevard, Suite 1800
Saint Louis, MO 63105
Tel. (314) 621-5070
Fax. (314) 612-232
jshulan@atllp.com

Timothy J. Bergère, Esq., *pro hac vice*
Bianca A. Valcarce, Esq., *pro hac vice*
2005 Market Street, 29th Floor
One Commerce Square,
Philadelphia, PA 19103
Tel. (267) 780-2000
Fax. (215) 780-9070
tbergere@atllp.com
bvalcarce@atllp.com