UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br>      Plaintiff,<br><br>      v.<br><br>ALL-STAR TRANSPORTATION, LLC,<br>      Defendant. | No. 3:21-cv-201 (SRU) |

**ORDER DENYING MOTION FOR RECONSIDERATION,
MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL**

The present motion brought by defendant All-Star Transportation, LLC ("All-Star") asks me to reconsider my written order denying All-Star's motion to dismiss, doc. no. 150. In the alternative, All-Star requests certification of an interlocutory appeal. For the reasons stated below, I **deny** All-Star's motion in full, **doc. no. 151**.

**I.     Background**

I recite background relevant to the present motion. Conservation Law Foundation ("CLF") sued All-Star for allegedly engaging in a pattern and practice of illegal bus idling. All-Star moved to dismiss on Article III standing grounds. Doc. No. 127. On March 9, 2024, I denied All-Star's Motion to Dismiss because I determined that CLF had Article III standing to pursue the action. Doc. No. 150. I noted that "[t]he Second Circuit focuses traceability in air pollution cases on geographic proximity to the pollution source." *Id.* at 6. Relying on that binding precedent, I concluded that CLF had satisfied its burden of demonstrating traceability based on its members' geographic proximity to the pollution source. *Id.* at 6-7. Specifically, I concluded that I did not need to consider the parties' expert reports to evaluate traceability

because there were no "material and controverted" factual disputes regarding subject matter jurisdiction.

> All-Star and CLF dispute the legal conclusions I must draw from their proffered jurisdictional evidence. Accordingly, I do not make findings of fact. . . . The "argument that a polluter who contributes to pollution does not satisfy causation . . . is an issue best left to the rigors of evidentiary proof at a future stage of the proceedings, rather than dispensed with as a threshold question of constitutional standing."

*Conservation L. Found. v. All-Star Transp., LLC*, No. 3:21-cv-201 (SRU), Doc. No. 150 at 4, 7 (quoting *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 347 (2d Cir. 2009)) (cleaned up).

## II.     Standard of Review

### A.  Motion for Reconsideration

The standard for granting motions for reconsideration is "strict." D. Conn. L. Civ. R. 7(c). Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

The decision to grant a motion for reconsideration is within "the sound discretion of the district court with appellate review limited to determining whether that discretion has been abused." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (quoting *Nemaizer v. Baker*, 793 F.2d

58, 61-62 (2d Cir. 1986). "Under the law of the case doctrine, when a court has ruled on an issue, that decision should be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Wisconsin Province of Soc'y of Jesus v. Cassem*, 2020 WL 6198485, at *1 (D. Conn. Oct. 22, 2020) (quoting *Johnson v. Holder*, 564 F.3d 95, 99 (2d. Cir. 2009)).

    B. <u>Motion for Certification for an Interlocutory Appeal</u>

District courts may certify a "not otherwise appealable" order for interlocutory review when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C § 1292(b). A substantial ground for difference of opinion requires a showing that "(1) there is conflicting authority on an issue or (2) the case is particularly difficult and of first impression within this Circuit." *James v. Venture Home Solar, LLC*, 2024 WL 446085, at *11 (D. Conn. Feb. 6, 2024) (quoting *U.S. ex rel. Drake v. NSI, Inc.*, 736 F. Supp. 2d 489, 503 (D. Conn. 2010)).

**III.**   **Discussion**

    A. <u>Motion for Reconsideration</u>

All-Star argues that I should have considered its expert report in my traceability analysis. In the Second Circuit, plaintiffs bringing an air pollution action may demonstrate that traceability exists by alleging their geographical proximity to the pollution source. Doc. No. 150 at 6-7 (citing *Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95 (2d Cir. 2018)); *LaFleur v. Whitman*, 300 F.3d 256, 270 (2d Cir. 2002); *New York Pub. Int. Rsch. Grp. v. Whitman*, 321 F.3d 316 (2d Cir. 2003); and *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 347 (2d Cir. 2009), *rev'd on other grounds sub nom. Am. Elec. Power Co. v. Connecticut*, 564

U.S. 410 (2011)); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("[E]ach [standing] element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.").

In its motion to dismiss, All-Star did not dispute facts alleged in CLF's amended complaint, the sworn affidavits, or the deposition testimony. I declined to make factual findings. I determined that "the evidence proffered by" All-Star in its expert report was "immaterial because it [did] not contradict plausible allegations that [were] themselves sufficient to show standing." *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016).

To be clear, I did not "defer" ruling on Article III standing. Doc. No. 152 at 5. The plaintiff must maintain standing at every stage of the litigation. *See Lujan*, 504 U.S. at 561; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Nor did I engage in "hypothetical jurisdiction"—that is, "assuming jurisdiction for the purpose of deciding the merits." *Steel Co.*, 523 U.S. at 94 (quotation marks omitted). I did not rule on the merits of CLF's claim. I concluded CLF had standing to sue at the pleading stage based on its factual allegations.

> The procedural posture of a case is important when assessing standing. . . . The Supreme Court has commented on the lowered bar for standing at the pleading stage, stating that general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim.

*Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 333 (2d Cir. 2009), *rev'd on other grounds sub nom. Am. Elec. Power Co. v. Connecticut*, 564 U.S. 410 (2011) (quoting *Lujan*, 504 U.S. at 561) (cleaned up).

In the present motion, All-Star revived its argument that "jurisdictional facts are placed in dispute," and thus "the court has the power and obligation to decide issues of fact by reference to

4

evidence outside the pleadings, such as affidavits." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). No jurisdictional facts are in dispute. As I mentioned in my order denying All-Star's motion to dismiss, CLF and All-Star do not dispute CLF's alleged facts regarding standing. "Instead, All-Star and CLF dispute the legal conclusions I must draw from their proffered jurisdictional evidence." Doc. No. 150 at 4. CLF was "entitled to rely on the allegations in the pleading" because "the evidence proffered by the defendant is immaterial[;] . . . it does not contradict plausible allegations that are themselves sufficient to show standing." *Id.* at 2, 4 (quoting *Carter*, 822 F.3d at 57) (cleaned up).

All-Star essentially asks me to "collapse the standing inquiry into the merits." *Connecticut v. Am. Elec. Power Co.*, 582 F.3d at 333 (quoting *Baur v. Veneman*, 352 F.3d 625, 642 (2d Cir. 2003)). The Second Circuit cautions that such an approach would "[a]dopt[] a more stringent view of the injury-in-fact requirement in environmental cases." *Id.* In fact, the Second Circuit has addressed this exact issue: "To the degree that defendants challenge the factual underpinnings of plaintiffs' standing the argument is premature. Defendants may certainly test plaintiffs' standing as the litigation progresses by requesting an evidentiary hearing or by challenging plaintiffs' standing on summary judgment or even at trial." *Id.* (quoting *Baur*, 352 F.3d at 642) (cleaned up); *Baur*, 352 F.3d at 642 (same); *cf. Fair Hous. in Huntington Comm. Inc. v. Town of Huntington, N.Y.*, 316 F.3d 357, 361-62 (2d Cir. 2003) (same, on appeal from the denial of a preliminary injunction in a housing discrimination action).

All-Star also cites *Nippon Steel Corp. v. United States*, 219 F.3d 1348 (Fed. Cir. 2000). It argues that here, "the jurisdictional issue and the merits are inextricably intertwined, and the former cannot be resolved without considering and deciding (at least in part) the latter." *Id.* at 1353. *Nippon Steel* is both nonbinding and inapplicable. The jurisdictional issue on appeal was

whether the Court of International Trade had jurisdiction under 28 U.S.C. § 1581(i).  "The Court of International Trade's jurisdiction under 28 U.S.C. § 1581(i) turns here on whether Commerce's initiation of its minor alterations inquiry was proper or beyond the agency's authority.  If it was proper, the Court of International Trade had no basis for its preliminary injunction. Thus, both the merits and the jurisdictional inquiry turn, at least in part, upon the same question[.]"  *Id.* at 1353.  *Nippon Steel* involved a preliminary injunction with factual findings and conclusions.  *Id.* at 1351.  I, however, do not need to engage in fact-finding to resolve the jurisdictional question.

In sum, All-Star's arguments seek "solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.  I therefore deny All-Star's motion for reconsideration.

B. Motion for Certification for an Interlocutory Appeal

All-Star alternatively moves to certify the Order on its Motion to Dismiss for interlocutory appeal.  All-Star does not, however, make the requisite showing that "there is substantial ground for difference of opinion" within the Second Circuit.  28 U.S.C. § 1292(b).  The four published Second Circuit air pollution cases I relied upon are in accord.[1]  All-Star cites out-of-circuit authority to caution against a circuit split.  Doc. No. 152 at 10 n.3, 12-13 (citing *Conservation L. Found., Inc. v. Acad. Express, LLC*, 2023 WL 5984517 (D. Mass. Sept. 14, 2023), *argued*, No. 23-1832 (1st Cir. Mar. 6, 2024), and *Texans United for a Safe Econ. Educ. Fund v. Crown Cent. Petroleum Corp.*, 207 F.3d 789, 793 (5th Cir. 2000)).  A possible circuit split does not meet section 1292(b)'s high bar to certify for an interlocutory appeal.  *See James v. Venture Home Solar, LLC*, 2024 WL 446085 at *11 (a "substantial ground for difference of

---

[1] As previously stated, those cases are:  *Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95 (2d Cir. 2018); *LaFleur v. Whitman*, 300 F.3d 256 (2d Cir. 2002); *New York Pub. Int. Rsch. Grp. v. Whitman*, 321 F.3d 316 (2d Cir. 2003); and *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309 (2d Cir. 2009).

opinion" requires a showing "that (1) there is conflicting authority on an issue or (2) the case is particularly difficult and of first impression within this Circuit.") (internal quotation marks omitted).

### IV. Conclusion

All-Star's motion for reconsideration or for certification of an interlocutory appeal, **doc. no. 151**, is **denied**.

So ordered.

Dated at Bridgeport, Connecticut, this 1st day of August 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge